IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANGELA GEORGES,

    Plaintiff,

v.                                                                                     Civil Action No. 3:16cv777

DOMINION PAYROLL SERVICES, LLC,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the Motion to Dismiss filed by Defendant Dominion Payroll Services ("Dominion") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 9.) Plaintiff Angela Georges has responded to the Motion to Dismiss, and Dominion has replied. (ECF Nos. 11, 12.) The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[2] This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will deny the Motion to Dismiss.

### I. Federal Rule of Civil Procedure 12(b)(6) Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

## II. Procedural and Factual Background

### A.  Summary of Allegations in the Complaint[3]

On or about May 4, 2015, Dominion hired Georges, a 52-year-old female, as Benefits Implementation Specialist. The qualifications for the Benefits Implementation Specialist position included an associate's degree (with a bachelor's degree preferred) and three years' experience in employee benefits, or an equivalent combination of experience and education.

Georges obtained her Bachelor of Science in Business with a focus in Marketing and Management, and she obtained her Master's Degree in Business Administration with a focus in Organizational and Human Resources Development. She previously worked as a "Quickbooks Online Small Business Consultant" and as a "Tax Services/Support Advisor" at Intuit in Fredericksburg, Virginia. (Compl. ¶ 7.) At Intuit, Georges worked with business owners, accountants, and tax professionals to identify solutions to various business and financial problems. From 2010 to 2012, Georges worked as a Claims Counselor at HILLDRUP, where she tracked and recovered undelivered items and developed procedures to improve workflow and efficiency. Prior to that, from 2000 to 2007, Georges worked at Mary Washington University as an Office Manager and Administrative Program Specialist. At Mary Washington University, Georges maintained the school's credit card program, trained and supervised office and student staff, created a purchasing training manual, and managed policies for the purchase system. Finally, from 1998 to 2000, Georges worked as a Senior Executive Administrative Assistant at Peninsula Health Care, where she analyzed life and health benefits and group account renewals, consulted with human resources, and managed administrative functions.

---

[3] For purposes of this motion, the Court assumes the well-pleaded factual allegations in the Complaint to be true and views them in the light most favorable to Georges. *See Matkari*, 7 F.3d at 1134.

As Benefits Implementation Specialist at Dominion, Georges had the following responsibilities: customer support; tracking of customer date; manage plans to ensure deliverables and launch dates are met; and, customer training for self-sufficiency after implementation. In her tenure as Benefits Implementation Specialist, Dominion never disciplined Georges, and at all times, Georges received positive feedback from the department manager, Laura Johnson.

During the first days of her tenure at Dominion, Georges asked for an employee handbook. Lora Meade, the human resources director, informed Georges that no such handbook existed. In fact, while employed at Dominion, Georges never received a statement of Dominion's employment policies or procedures. Approximately two weeks after Georges began her tenure at Dominion, Johnson complained to her about upper-management and being overwhelmed. Georges offered to help Johnson, and in June 2015, Georges received an email from Johnson praising Georges's work.

On or about July 13, 2015, Johnson and Meade terminated Georges without warning or notice. Johnson and Meade did not communicate to Georges any substantive performance issues, and the termination conflicted with previous statements regarding Georges's employment. At the time of termination, Johnson and Meade did not provide Georges with any records regarding her job performance, duties, or disciplinary actions. Georges alleges that, based on information and belief, Dominion filled her position with a younger, less experienced employee.

B. **Procedural History**

Georges's Complaint alleges one count: "Violations of the Age Discrimination in Employment Act [the 'ADEA']."[4] (Compl. 5.) Georges asserts membership in the class of people protected by the ADEA because she is over forty years old. She contends that Dominion wrongfully terminated her by intentionally discriminating against her on the basis of age. Georges claims to have suffered damages, including embarrassment, inconvenience, humiliation, severe mental anguish, pain, suffering, loss of income, litigation expenses, consequential damages, and statutory damages.

Dominion filed an Answer and the Motion to Dismiss for failure to state a claim simultaneously.[5] Georges responded to the Motion to Dismiss, and Dominion replied.

### III. Analysis: Georges Pleads Facts Plausibly Stating an ADEA Claim

Dominion seeks to dismiss the Complaint because, in its words, Georges "does nothing more than assert bare-bones facts [that] fail to demonstrate any probability of discrimination followed by legal conclusions that 'intentional discrimination' occurred." (Mem. Supp. Def.'s Mot. Dismiss 5, ECF No. 10.) Dominion contends that Georges's allegations, taken as true and viewed in the light most favorable to Georges, suggest only a *possibility* of intentional discrimination.

---

[4] The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

[5] Generally, "[i]f [a] defendant decides to assert a Rule 12(b) defense by motion, . . . he [or she] must do so before filing the answer. . . . However, should the defendant file a Rule 12(b) motion simultaneously with the answer, the district court will view the motion as having preceded the answer and thus as having been interposed in a timely fashion." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 (3d ed.).

5

While the Complaint alleges no *direct* evidence of discrimination, Georges's allegations plausibly state a claim for age discrimination. Accordingly, the Court will deny the Motion to Dismiss.

### A. Stating a Claim for Employment Discrimination Based on Age

The ADEA prohibits employers from discharging "or otherwise discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff bringing a discrimination claim under the ADEA must prove that age was not merely a motivating factor of the challenged adverse employment action but was in fact its "but-for" cause. *Hartman v. Univ. of Md. at Baltimore*, 595 F. App'x 179, 181 (4th Cir. 2014) (citations omitted). "[T]he plaintiff may either present direct evidence of the employer's impermissible motivation or may proceed under the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–07 (1973)." *Id.* The *McDonnell Douglas* standard requires a showing that:

> (1) [he or] she is 'a member of a protected class'—that is, forty years or older; (2) [he or] she 'suffered adverse employment action;' (3) [he or] she 'was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and[,] (4) the position remained open' or [he or] she was replaced by a substantially younger person.

*Id.* (quoting *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004)).

Importantly, the Supreme Court of the United States has found that, in order to survive a motion to dismiss for failure to state a discrimination claim, a plaintiff need not establish a prima facie case under the *McDonnell Douglas* standard. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."). The United States Court of Appeals for the Fourth Circuit has reached the same conclusion in the age discrimination context. *See Craddock v. Lincoln Nat'l Life Ins. Co.*, 533 F. App'x 333, 336 (4th

6

Cir. 2013) ("In *Swierkiewicz*, the Supreme Court rejected the notion that 'the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.'").

Instead, the complaint must satisfy Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Stated differently, the complaint must allege facts "'that raise a right to relief above the speculative level'" that an employee suffered an adverse employment action because of the employee's membership in a protected class. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). Courts, nonetheless, "may look to the requirements of a prima facie case as a guide in assessing the plausibility of plaintiff's claim for relief." *Craft v. Fairfax Cty.*, No. 1:16cv86, 2016 WL 1643433, at *4 (E.D. Va. Apr. 26, 2016) (citing *Coleman*, 626 F.3d at 190); *see also McCleary–Evans v. Md. Dept. of Trans.*, 780 F.3d 582, 585 (4th Cir. 2015) (applying prima facie case as guide in motion to dismiss).[6]

---

[6] Tension appears to exist in the Fourth Circuit regarding how the *Twombly/Iqbal* pleading standard comports with earlier Supreme Court precedent in *Swierkiewicz*. In *Swierkiewicz*, the Supreme Court explained that courts should not transpose the evidentiary standard of *McDonnell Douglas* "into a rigid pleading standard for discrimination cases." 534 U.S. at 512. The Fourth Circuit has confirmed, as good law, that aspect of *Swierkiewicz*. *McCleary–Evans*, 780 F.3d at 585.

In *McCleary-Evans*, a Title VII case, an African–American woman alleged that a state agency discriminated against her by refusing to hire her. In support, she stated that she was a qualified applicant and that she had been denied a position in favor of someone who was white. *Id.* at 583–84. Contrary to the facts here, she did not offer any comparison between herself and the individual hired. *Id.* at 584. In a 2-1 decision, the Fourth Circuit found that the plaintiff's allegations were fatally conclusory and lacked additional facts to support a reasonable inference that the decisionmakers were motivated by race.

Despite acknowledging *Swierkiewicz* when so holding, the majority in *McCleary-Evans* required plaintiff to assert a "*plausible* claim for relief." *Id.* at 587. In a dissenting opinion, the Honorable James A. Wynn, Jr., suggested that the majority ignored the thrust of *Swierkiewicz*— "that discriminatory intent need not be pled with specific facts." *See id.* at 592 (Wynn, J.,

7

B.  **Georges Plausibly Alleges a Violation of the ADEA**

Dominion takes issue with Georges's alleged failure to plead facts that directly evince age discrimination. Georges, on the other hand, contends that she has pleaded more than enough facts to make out an age discrimination claim because the Complaint, if true, establishes a prima facie case under the *McDonnell Douglas* standard. But Georges's response inadequately addresses this record because, in order to survive a motion to dismiss, she need not allege facts establishing a prima facie case of age discrimination. *See Craddock*, 533 F. App'x at 336 (explaining that "[t]his is at least in part because 'if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case,' which is an indirect method of proof" (citation omitted)); *see also McCleary–Evans*, 780 F.3d at 585. Rather, applying the familiar standard of *Twombly* and *Iqbal*, George's Complaint must allege

---

dissenting). Noting that the Fourth Circuit could not overturn either *Swierkiewicz* or *Iqbal*, Judge Wynn advocated an approach that more closely tracked *Swierkiewicz*, especially given the facts those cases examined:

> We are therefore confronted with two Supreme Court cases having apparent relevance to the case before us. One of these cases, *Swierkiewicz*, involves a Title VII plaintiff who alleged that his employer wrongfully terminated him due to his national origin. The other, *Iqbal*, involves a suspected terrorist who alleged that he was mistreated pursuant to an unconstitutional policy instituted by the United States Attorney General in conjunction with the Director of the Federal Bureau of Investigations. I have little difficulty deciding which case has greater applicability to the run-of-the-mill employment discrimination case before us.

*Id.*; *see also McCauley v. City of Chicago*, 671 F.3d 611, 628–29 (7th Cir. 2011) (Hamilton, J., dissenting) ("[W]e must take care not to expand *Iqbal* too aggressively beyond its highly unusual context—allegations aimed at the nation's highest-ranking law enforcement officials based on their response to unprecedented terrorist attacks on the United States homeland—to cut off potentially viable claims.").
Although this Court does not follow the approach favored by Judge Wynn's dissent, mention of it helps frame the difficulty of applying the pleading standard of *Twombly* and *Iqbal* to cases in which "[t]he requisite proof of the defendant's discriminatory intent is often in the exclusive control of the defendant, behind doors slammed shut by an unlawful termination." *McCleary–Evans*, 780 F.3d at 592 (Wynn, J., dissenting). The Court also notes the obvious: that any motion to dismiss considered by a district judge must consider and apply *all* binding Supreme Court precedent.

facts "'that raise a right to relief above the speculative level'" that she suffered an adverse employment action *because of* her membership in a protected class. *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555).

These differing standards matter little here because Georges's allegations that would establish a prima facie case of age discrimination, albeit closely in each instance, also would "raise a right to relief above the speculative level." *Id.* For that reason, the Court finds that Georges states a claim for age discrimination upon which relief could be granted. The Court will deny the Motion to Dismiss.

First, the Complaint alleges that, at the time of termination, Georges was 51 years old. Thus, Georges claims that she was forty years or older and a member of the class of people protected by the ADEA. Second, by pleading that her supervisors at Dominion orally terminated her employment, Georges contends that she suffered adverse employment action. Third, by asserting that she had received only positive feedback prior to and at the time of termination, Georges sufficiently alleges that she was performing her job duties at a level that met Dominion's legitimate expectations during her brief period of employment. And fourth, Georges pleads that she was replaced by a younger, *less-experienced* person. (*See* Compl. ¶ 20.)[7] Georges specifically alleges that her replacement "was less than 40 years old, . . . had little or no

---

[7] Georges, through her attorneys, asserts Paragraph 20 of the Complaint "on information and belief." "A plaintiff is generally permitted to plead facts based on 'information and belief' if such plaintiff is in a position of uncertainty because the necessary evidence is controlled by the defendant." *Ridenour v. Multi–Color Corp.*, 147 F. Supp. 3d 452, 456 (E.D. Va. 2015) (citing *Raub v. Bowen*, 960 F. Supp. 2d 602, 615 (E.D. Va. 2013) (noting that although "information and belief" pleadings are "tenuous at best," such practice is permitted under Rule 8(a) when relying "on second-hand information to make a good-faith allegation of fact")). Notably, Georges asserts few paragraphs "on information and belief" and Paragraph 20 pertains to a fact largely controlled by Dominion. The Court, accordingly, sees no basis for rejecting that allegation or for failing to view the information alleged favorably to Georges when considering the Motion to Dismiss.

experience in the relevant areas of the position, and was paid less." (*Id.* ¶ 27.) In view of that allegation, there is no "'obvious alternative explanation' that the decisionmakers simply judged [the person] hired to be more qualified and better suited for the position[]." *McCleary–Evans*, 780 F.3d at 588 (quoting *Iqbal*, 556 U.S. at 678).[8]

The Complaint before this Court does not outline a staggering litany of facts in support of Georges's ADEA claim. But at this stage, it need not. The facts alleged, considered together, as true, and viewed in the light most favorable to Georges, plausibly "'raise a right to relief above the speculative level'" that Georges suffered an adverse employment action because of her membership in a protected class. *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555). The Court will deny the Motion to Dismiss.

## IV. Conclusion

For the foregoing reasons, the Court will deny Dominion's Motion to Dismiss. (ECF No. 9.) An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/24
Richmond, Virginia

---

[8] As noted earlier, in *McCleary-Evans*, the plaintiff did not offer *any* comparison between herself and the individual who was hired. 780 F.3d at 584.

10