IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANGELA GEORGES,**

    **Plaintiff,**

v.                                                     Civil Action No. 3:16cv777

**DOMINION PAYROLL SERVICES, LLC,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Dominion Payroll Services, LLC's ("Dominion") Motion to Strike Plaintiff's Supplementary Expert Designation (the "Motion to Strike"). (ECF No. 39.) Plaintiff Angela Georges responded, (ECF No. 52), and Dominion replied, (ECF No. 56). The Court heard oral argument on May 3, 2018. Neither party chose to call any witnesses. Accordingly, the matter is ripe for disposition. For the reasons that follow, the Court will grant the Motion to Strike.

### I. Factual and Procedural Background[1]

Georges filed her Complaint against Dominion on September 19, 2016. (ECF No. 1.) Georges's Complaint alleges one count: "Violations of the Age Discrimination in Employment Act [the 'ADEA']."[2] (Compl. 5, ECF No. 1.) Georges asserts membership in the class of

---

[1] The Court assumes familiarity with the factual and procedural history of this case based on its memorandum opinion ruling on Dominion's Motion to Dismiss. (ECF No. 13.) The Memorandum Opinion ruling on Dominion's Motion for Summary Judgment, filed today, also discusses the facts and procedure of this matter. (ECF No. 61.)

[2] The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

people protected by the ADEA because she is over forty years old. She contends that Dominion wrongfully terminated her by intentionally discriminating against her on the basis of age. Georges claims to have suffered damages, including embarrassment, inconvenience, humiliation, severe mental anguish, pain, suffering, loss of income, litigation expenses, consequential damages, and statutory damages.

Dominion filed a Motion to Dismiss, contending that Georges failed to state a claim upon which relief could be granted, which the Court denied. The Court held an Initial Pretrial Conference and set the case for a three-day jury trial to begin May 1, 2018. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B),[3] and as required by the Initial Pretrial Order, Georges filed an expert witness designation on December 29, 2018.

On February 2, 2018, Georges filed a Motion for Extension of Time to File Expert Disclosure (the "Motion for Extension"), seeking "an extension of thirty (30) days in which to

---

[3] Rule 26(a)(2)(B) requires that a party intending to use an expert witness at trial must disclose that witness's identity to the opposing party, and

> [u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

2

file another [e]xpert [d]isclosure naming another expert to testify at trial and providing an expert report in accordance with Rule 26(a)(2)(B)" because her original expert "had suffered a recent heart attack, was still in serious medical condition, and will be unable to participate further in this case." (Mot. Extension 1–2, ECF No. 33.) Dominion opposed the Motion for Extension, arguing in part that granting the Motion for Extension would be futile because "the subject matter of the disclosure is improper under [federal law governing expert testimony]." (Resp. Mot. Extension 1, ECF No. 35.)

On March 2, 2018, the Court heard argument on the Motion for Extension. Despite noting that Dominion's futility argument was well-taken, the Court granted Georges until close of business March 9, 2018, to file a supplemental expert disclosure. The Court admonished Georges that her supplemental expert disclosure must conform to the subject matter of her initial expert disclosure so as not to unfairly prejudice Dominion. The Court also extended the parties' deadlines to file motions for summary judgment and motions challenging expert designations until March 16, 2018.

On March 9, 2018, Georges filed her Supplemental Expert Designation designating Dr. Deb Cohen, Human Resource Consultant, as an expert in the field of "[e]mployment, benefit plans, and human resource management." (Suppl. Expert Designation 2, ECF No. 38.) Georges states that she expects Dr. Cohen to "testify generally, based on her background, training, expertise, review of documents obtained by counsel and through discovery, about the industry standards and practices with regard to Defendant's lack of compliance with the Age Discrimination in Employment Act (ADEA)." (*Id.*) On March 16, 2018, Dominion timely filed the Motion to Strike.

3

## II. Analysis: The Motion to Strike

Dominion challenges Georges's designation of Dr. Cohen as an expert, arguing that Dr. Cohen's testimony should not be allowed because it: (1) fails to "meet the standards for allowable expert testimony under [the federal rules]"; (2) "is unnecessary to assist the jury and would create confusion"; and, (3) "includes matters outside of Dr. Cohen's personal knowledge." (Mot. Strike 1, ECF No. 39.) Georges counters that Dr. Cohen's proposed testimony is sufficiently helpful, "based on sufficient facts," and "the product of reliable principles . . . . applied to the facts in this case." (Resp. Mot. Strike 4, ECF No. 52.) Georges further contends that Dr. Cohen's proposed testimony would not confuse the jury and does not require personal knowledge because expert testimony need not be based on personal knowledge.

The Court finds that, even assuming Dr. Cohen is an expert in the field, her proposed testimony is inadmissible because: (1) Dr. Cohen's lack of articulated reliable principles and methods in reaching her conclusions renders her expert testimony inadmissible; and, (2) Dr. Cohen's expert testimony amounts to impermissible legal conclusions that are not helpful to the jury.

### A. Legal Standard

Federal Rule of Evidence 702 "imposes a special obligation upon a trial judge to 'ensure that any and all [expert] testimony . . . is not only relevant, but reliable.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) (second alteration in original)). "'There are many different kinds of experts, and many different kinds of expertise.' The fact that a proposed witness is an expert in one area, does not *ipso facto* qualify him [or her] to testify as an expert in all related areas." *Shreve v.*

4

*Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 391 (D. Md. 2001) (quoting *Kumho Tire*, 526 U.S. at 150).

> Rule 702 provides:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) the testimony is based on sufficient facts or data;
> > (c) the testimony is the product of reliable principles and methods; and[,]
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702's requirement "that the evidence or testimony '[help] the trier of fact to understand the evidence or to determine a fact in issue'" goes primarily to relevance. *Daubert*, 509 U.S. at 591 (quoting Fed. R. Evid. 702) (noting that expert testimony must be relevant).

Although experiential testimony does not rely on the scientific method, "this does not lead to a conclusion that 'experience alone—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience.'" *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) (quoting Fed. R. Evid. 702 advisory committee's note). Thus, although "a district court's task in examining the reliability of experiential expert testimony is therefore somewhat more opaque," *id.*, to be qualified under Rule 702, "an experiential expert witness [must] 'explain how [his or her] experience leads to the conclusion reached, why [his or her] experience is a sufficient basis for the opinion, and how [his or her] experience is reliably applied to the facts,'" *id.* (quoting Fed. R. Evid. 702 advisory committee's note).

In determining whether proffered expert testimony is sufficiently reliable so as to assist the trier of fact, *Daubert* suggests that courts consider several non-dispositive factors: (1) whether the expert's methodology can be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and, (4) whether the theory or technique has gained general acceptance within the relevant scientific community. *Daubert*, 509 U.S. at 593–94. This analysis applies to all proffered specialized knowledge, not solely scientific expert testimony. *Kumho Tire*, 526 U.S. at 141. "Under [Federal Rule of Evidence] 104(a),[4] the proponent of the expert testimony must establish the admissibility of the testimony by a preponderance of the evidence." *Lee v. City of Richmond*, No. 3:12cv471, 2014 WL 5092715, at *2 n.2 (E.D. Va. Sept. 30, 2014).

In the Fourth Circuit, "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). However, under Federal Rule of Evidence 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). It is the district court's responsibility to "distinguish opinion testimony that embraces an ultimate issue of fact from opinion testimony that states a legal conclusion." *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). "The best way to determine whether opinion testimony contains legal conclusions, 'is to determine whether the terms used by the witness have a separate, distinct, and specialized meaning in the law different from that present in the vernacular.'" *Id.* (quoting

---

[4] Rule 104(a) states in full:

(a) In General. The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege

Fed. R. Evid. 104(a).

*Torres v. Cty. of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985)). Conclusory testimony, for example, that "a company engaged in 'discrimination,' that a landlord was 'negligent,' or that an investment house engaged in a 'fraudulent and manipulative scheme' involves the use of terms with considerable legal baggage, . . . nearly always invades the province of the jury," and should usually be excluded. *United States v. Perkins*, 470 F.3d 150, 158 (4th Cir. 2006); *see also In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 629 (S.D.W. Va. 2013) (excluding expert testimony that products were "'not reasonably safe' or that [the manufacturer] 'failed to warn'" as impermissible legal conclusions).

### B. Analysis

As an initial matter, the Court could exclude the testimony of Dr. Cohen because, in violation of the federal rules, the expert report Georges submitted fails—on its face—to comply in any meaningful way with the standards of Federal Rule of Civil Procedure 26(a)(2)(B). Dr. Cohen's report offers three conclusions included in two paragraphs. Her report contains simply "conclusions offered without any explanation as to [her] bases or reasoning. That, of course, runs afoul of the provisions of [Rule] 26(a)(2)(B)." *Lee*, 2014 WL 5092715, at *11, n.13.

Dr. Cohen's report contains three conclusory assertions regarding Dominion's actions towards Georges. Dr. Cohen states, "[b]ased on the totality of facts and circumstances presented in this matter and the materials reviewed to date, it is my opinion that Dominion Payroll wrongfully terminated Ms. Georges due to her age." (Report 3, ECF No. 38-1.) Dr. Cohen also opines, "[b]ased on the documents reviewed and research conducted," that Dominion "was grossly deficient in its duties and breached the minimal standard of care in establishing proper policies and exercising reasonable care to prevent discrimination based on age and to disseminate appropriate policies." (*Id.*) Finally, Dr. Cohen contends that "[a]s a result of their

actions, Dominion Payroll assumed responsibility for Ms. Johnson and Ms. Meade's discriminatory behavior and the subsequent harm caused to Ms. Georges." (*Id.*)

Even looking beyond the improper presentation of her conclusory opinions, Dr. Cohen's report also must be excluded because she articulates no methodology on which she relied to reach her conclusions, rendering her expert testimony unreliable. Georges's contention otherwise does not prevail. Dr. Cohen's expert testimony amounts to impermissible legal conclusions that are not helpful to the jury. For the reasons outlined below, the Court will grant Dominion's Motion to Strike Dr. Cohen's testimony and opinions.

### 1. Dr. Cohen's Proposed Testimony is Not Reliable

Dominion argues that Dr. Cohen fails to sufficiently set forth the principles and methods on which she relied in reaching her conclusions. Dominion asserts that "Dr. Cohen fails . . . to provide any actual reasons or basis for her opinions as required under [Rule] 26(a)(2). . . . Rather than supporting analysis, the Disclosure merely sets forth the opinion of Dr. Cohen . . . based on her 'experience, education, and training.'" (Mem. Supp. Mot. Strike 3–4, ECF No. 40.) Georges counters that "Dr. Cohen first bases her opinions on over twenty-five (25) years of experience in the human resources industry, both in academic and practical settings." (Resp. Mot. Strike 2.) Georges contends that Dr. Cohen also relies on "'[m]any credible citations'" in support of her opinion that an employee handbook constitutes an important part of an organization's operation. (*Id.* (quoting Report 2).) Therefore, according to Georges, "these sources in conjunction with Dr. Cohen's experience are sufficiently itemized in her report such that her report includes the bases and reasons for her opinions, which satisfies the requirements of Rule 26(a)(2)." (*Id.* at 3.)

The Court finds that Dr. Cohen provides no explanation of the basis for her opinions and fails to establish that her opinions are based on reliable principles and methods, rendering her

8

opinions inadmissible. Moreover, the "many credible citations" to which Dr. Cohen cites in support of her opinions in fact undermine her proffered expert testimony, further establishing that her opinions are unreliable and inadmissible.

Although Dr. Cohen states on the final page of her report that all her opinions are "based on my expertise in the field of Human Resource Management, over the course of more than 30 years of education, training, and experience," (Report 4), an experiential expert witness must "explain how [his or her] experience leads to the conclusion reached, why [his or her] experience is a sufficient basis for the opinion, and how [his or her] experience is reliably applied to the facts," *Wilson*, 484 F.3d at 274 (quoting Fed. R. Evid. 702 advisory committee's note). Dr. Cohen, who did not testify during the May 3, 2018 Hearing, offers in her Report no explanation of how she applied her experience to the facts to reach her opinions. While it is apparent that Dr. Cohen has significant experience in human resources, and experience *can* qualify an individual as an expert, it does not constitute a proper methodology. Dr. Cohen's proposed opinions demonstrate this truth.

For instance, Dr. Cohen opines that "[e]mployers have a duty to establish, disseminate, and enforce an anti-discrimination policy," and that "Dominion Payroll, by failing to have an Employee Handbook or to provide Ms. Georges a copy of its purported Employee Handbook, breached its duties to Ms. Georges." (Report 2.) But Dr. Cohen does not articulate from where this duty arises, how this so-called duty amounts to a standard of care, or why this Court could treat it as one. Indeed, the precise wording of Dr. Cohen's own opinions seems to countermand a finding that the duty to have and distribute an employee handbook exists. Dr. Cohen opines that "[e]mployee handbooks are important tools for organizations because they can clearly communicate policies, procedures[,] and employee expectations." (*Id.*) However, "an important

9

tool" that "can communicate clearly" does not amount to a necessary standard all employers *must* meet.

More importantly, when Dr. Cohen attempts to invoke industry standards as the principles and methods on which she relies, she again falters. Dr. Cohen states that "[m]any credible citations indicate that employee handbooks should be a 'staple' of any organization." (*Id.*) First, it bears repeating that even if something *should be* a "staple" of an organization, that alone does not create a standard of care. Second, the "credible citations" to which Dr. Cohen cites do not include the many articles she has written, which she cited to establish her own expertise. Instead, she turns to four websites, whose credentials she does not attempt to establish. Two appear to be human resources and compliance blogs, (www.blr.com and www.tlnt.com), and the other two look to be law firm websites—one in Illinois (Pluymert, MacDonald, Hargrove & Lee, Ltd.), and the other in New York (Jules Halpern Associates LLC). Dr. Cohen does not say why the information on these websites either creates or demonstrates a standard of care. Nothing in the sites appears to create or attempt to propound such a standard.

Further, even if Dr. Cohen could demonstrate a standard of care based on citation to two blogs and two law firm websites, the information on those cites mandates the contrary finding. When one looks at the cited webpages, each plainly offers advice that employers *should* have an employee handbook, but none states that the existence of a handbook constitutes a minimal industry standard below which a company cannot fall. Dr. Cohen's first cited source, www.blr.com/HR-Employment/HR-Administration/Employee-Handbooks, makes this plainly evident. That blog begins: "Though there are many laws requiring employers to notify employees of certain workplace rights, there are actually no federal or state laws specifically requiring an employer to have an *employee* handbook—and plenty of employers choose *not* to

10

have one." (www.blr.com/HR-Employment/HR-Administration/Employee-Handbooks 1, ECF No. 40-2 (emphasis in original).) The Court finds that Dr. Cohen's proposed expert testimony is not based on reliable principles and methods, and therefore is not admissible under Federal Rule of Evidence 702.

### 2. Dr. Cohen's Proposed Testimony is Not Relevant

Dominion argues that Dr. Cohen's testimony should be excluded because "[s]he does not seek to offer scientific or technical insight, but rather testimony on matters which a jury can understand and make decision without the aid of an expert." (Mem. Supp. Mot. Strike 7 (footnote omitted).) Georges responds that Dr. Cohen's "testimony seeks to show that one important method for defining [Dominion's legitimate job performance expectations of Georges] was not provided to [Georges] or did not exist at the company, and thus [Georges] could not have known what was expected of her." (Resp. Mot. Strike 6.) Because Dr. Cohen's opinions amount to legal conclusions, they are not relevant and are inadmissible.

Dr. Cohen sets forth three opinions, each based on her experience and education and the materials she reviewed. Her three opinions are that Dominion: (1) "wrongfully terminated Ms. Georges due to her age"; (2) "was grossly deficient in its duties and breached the minimum standard of care"; and, (3) "assumed responsibility for [its employees] discriminatory behavior." (Report 3.) Each of these opinions amounts to a legal conclusion about the merits of Georges's claims against Dominion. Dr. Cohen's opinions, as evidenced from her report constitute "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the

facts." *McIver*, 470 F.3d at 562. Because Dr. Cohen's opinions merely draw legal conclusions, they lack relevance and are inadmissible.[5]

### III. Conclusion

For the foregoing reasons, the Court GRANTS Dominion's Motion to Strike. (ECF No. 39.)

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/4/2018
Richmond, Virginia

---

[5] Dominion also contends that Dr. Cohen's proffered testimony amounts to "the very same type of evidence routinely rejected by Federal courts" because information "concerning general human resources best practices and procedures" is not a proper subject of expert testimony. (Mem. Supp. Mot. Strike 5–7.) Georges counters that "[t]he [United States Court of Appeals for the] Fourth Circuit has . . . expressly invited the type of testimony Ms. Georges seeks to elicit in this case." (Resp. Mot. Strike 5.) The Court need not decide whether expert testimony regarding human resources best practices would always be inadmissible because, as discussed above, Dr. Cohen's proposed testimony is inadmissible under well-established standards governing expert testimony.